# EXHIBIT
# 1



Sign Up  |  Log In  |  Help

| Welcome | · | Send Money | Request Money | Merchant Tools | Auction Tools |

## Money Back Guarantee Policy

This Policy was last modified on January 14, 2005.

1. **General.** PayPal's Money Back Guarantee program, which applies to selected physical goods transactions for less than $1,000.00 USD, ensures that if you buy the Guarantee, you will be satisfied with your purchase or have an option to resell the merchandise to PayPal for the price you paid for it for the first 45 calendar days following the date of payment or seven days after receipt, whichever is earlier. PayPal will not reimburse you for the Guarantee fee or for any shipping costs you incur in returning the merchandise. PayPal's obligation to reimburse you if you buy the Guarantee is subject to the requirements specified in sections ii and iii below and to your filing a complete and accurate reimbursement request as described in section iv below. This Guarantee is applied in addition to any protection you may already have.

   i. **Cost of Guarantee.** The cost of the Money Back Guarantee will be displayed on eligible transactions at the time of payment. If a transaction is eligible, the Money Back Guarantee must be purchased as part of the original transaction. This fee will not be refunded under any circumstances, except if the seller initiates a refund of the transaction before the buyer has filed a request for reimbursement under the Money Back Guarantee.

   ii. **Requirements for Offering the Guarantee.** The Money Back Guarantee will be offered only on selected transactions, and even if offered and purchased, the Guarantee will not cover excluded items as described in Section iii below. If PayPal is offering the Money Back Guarantee on a transaction, the option to purchase the Money Back Guarantee will be displayed during the payment flow.

   The general requirements for a transaction to be eligible for the Guarantee offer are:

      1. **Transaction-based requirements.** The Guarantee will only be offered for transactions with a total amount of $1,000.00 USD or less.

         If the Guarantee is purchased for a PayPal Shopping Cart transaction, only one reimbursement request may be filed for the transaction, although the request may include multiple items in the PayPal Shopping Cart. Subscriptions and Recurring Payments, Service, and Quasi-Cash transactions are not eligible for the Money Back Guarantee.

      2. **Item-based requirements.** The Guarantee only applies to physical goods that have been purchased outright, rather than leased or rented. If an item(s) is part of a set or collection, the protection is only for the value of the item against which the reimbursement request is being filed; the value of the entire set will not be reimbursed.

      3. **Seller requirements.** The seller must have qualified for inclusion in the program as a "trusted" seller. Among other things, they must have a PayPal account in good standing and have been an account-holder for at least 5 months. The seller also must not have opted out of the Money Back Guarantee program.

      4. **Buyer requirements.** The Guarantee will be offered to U.S. buyers only. Each account may only file a maximum of 3 Guarantee reimbursement requests in a given twelve-month period. PayPal reserves the right not to offer the Guarantee to specific buyers if any prior reimbursement requests have been denied.

   iii. **Requirements for Honoring Reimbursement Requests.** These requirements will determine if reimbursement requests can be honored under

the Money Back Guarantee program:

1. **Pre-filing resolution effort.** Prior to filing a reimbursement request, the buyer must attempt to contact the seller and to make a good-faith effort to seek resolution directly with him or her.

2. **Reimbursement request completion.** Reimbursement requests must be complete and on time, as specified in section iv below.

3. **Specific item exclusions.** Items or situations which fit any of the following exclusions are not eligible for protection under the Guarantee:

   a. Items that have been damaged by the buyer

   b. Apparel items that have been worn or washed

   c. Media products such as DVDs, CDs, video and audio cassette tapes, video games and other software, etc.

   d. Stored value cards (e.g. phone cards, gift cards, etc.) of any kind

   e. Hazardous materials including but not limited to chemicals, explosives, flammables, poisons, and gases

   f. Firearms, explosives, or ammunition of any sort including but not limited to guns, rifles, and bombs

   g. Illegal/contraband goods

   h. Animals, plants, or any parts thereof

   i. Motorized vehicles of any kind, including but not limited to automobiles, motorcycles, boats, and airplanes

   j. Recalled products

   k. Consumables and perishables

   l. Land, buildings, structures, or real estate properties, lots or improvements

   m. Items weighing more than 70 pounds

   n. Items that, when packed, exceed 130 inches in combined length and girth (the combined length and girth is length plus twice the height plus twice the width)

   o. Virtual or intangible items.

iv. **Filing a reimbursement request.** Reimbursement requests may be filed in PayPal's Resolution Center. If the buyer has received the good, online reimbursement requests must be supplemented by return of the merchandise to PayPal along with a written reimbursement request as described below, which must be received by PayPal no more than 10 calendar days after the date that the online reimbursement request was filed. If the buyer has not received the good, reimbursement requests will be processed entirely online. If the Money Back Guarantee was purchased, any disputes of the transaction must be filed as a Guarantee reimbursement request rather than a Buyer Complaint (the Money Back Guarantee terms will apply rather than those of the Buyer Complaint Policy).

All written reimbursement requests must be shipped using a delivery service that provides online package tracking. The buyer will bear all costs of shipping the reimbursement request and/or merchandise to PayPal, regardless of the eventual decision PayPal makes on the request. PayPal is not responsible for any reimbursement requests that are lost/damaged by the shipping company. In the event that you return merchandise to PayPal that is not covered under the terms of the Money Back Guarantee Policy, you must co-operate with PayPal to ensure the item's return, or the merchandise will become the property of PayPal.

Case 1:05-cv-00567-GMS     Document 5-3     Filed 08/04/2005     Page 4 of 12

**Failure to provide all necessary reimbursement request materials may result in denial of the reimbursement.** Furthermore, if you return merchandise to PayPal without the required documentation, as listed below, the merchandise will become the property of PayPal.

All reimbursement requests must include the following information:

1. A completed online request form

2. A signed and completed reimbursement request form with the Transaction ID, the auction item number (if applicable), and a written description of the reason for the request.

3. A printout of the website page, auction listing, email, and/or invoice on which the item and price were listed. If this printout does not also include the tax and shipping terms (if applicable), you must provide a printout of that documentation as well.

4. Printouts and/or written descriptions of any and all correspondence that has occurred between the buyer and seller.

5. The merchandise with all of its original packaging and labeling, including the postmark and buyer's and seller's addresses

v. **Payment of Reimbursement Requests**

If PayPal accepts the request, payment will either be returned to the credit card from which the original payment was sent (if possible), or to the buyer's PayPal account balance. PayPal reserves the right to grant full or partial payment of reimbursement requests even in cases where the buyer's reimbursement request or merchandise is incomplete or otherwise does not obligate PayPal to make a reimbursement payment.

If a buyer has previously been awarded funds from a chargeback of a transaction covered by the Money Back Guarantee, the Money Back Guarantee program will not reimburse the buyer. (A chargeback, or reversal, occurs when a buyer rejects or reverses a charge on his or her credit card.) In addition, if a buyer receives a Money Back Guarantee reimbursement from PayPal, any ensuing chargeback awards may be reduced by the amount of the Guarantee reimbursement.

vi. **Additional terms.**

1. **Fraud.** Under no circumstances will PayPal reimburse requests in the event of fraud or misrepresentation by the buyer. In addition, fees will not be refundable in cases of fraud.

2. **Exercise of judgment.** Buyers are expected to exercise due diligence and prudent judgment to avoid or reduce any damage to the covered property. No person or entity other than the buyer shall have any legal or equitable right, remedy, or claim for reimbursement under or arising out of this Guarantee.

3. **Shipment of goods to PayPal.** PayPal will request that buyers bear the cost of shipment of the good(s) in question to its Guarantee processing center. Merchandise must be shipped using an online trackable shipping service. By paying a Guarantee reimbursement request, PayPal will assume ownership of the good(s).

4. **Transfer of rights.** By filing a reimbursement request, the buyer transfers to PayPal the right to receive the good in the event the buyer has not yet received it from the seller. After a reimbursement request is paid, the buyer transfers to PayPal all rights and remedies against any party with respect to the merchandise. In addition to transferring these rights, the buyer must provide PayPal with any assistance necessary to secure his or her rights and remedies and must do nothing that would jeopardize securing those rights and remedies.

No rights provided under PayPal's Money Back Guarantee may be transferred without the prior written consent of PayPal, Inc.

5. **All decisions are final.** All reimbursement request decisions made by PayPal are final and cannot be appealed by either the buyer or seller.

6. **Seller responsibilities for Non-Receipt of Goods reimbursement requests.** If a buyer has purchased a Money Back Guarantee and submits a reimbursement request that indicates non-receipt of goods, and if the seller does not provide a tracking number or proof of refund to PayPal within 7 days after the buyer files a reimbursement request, PayPal may (1) refund the buyer out of the seller's account or (2) reimburse the buyer and then recover the funds from the seller. If the seller does not have sufficient funds in his or her PayPal balance in the currency of the original transaction, PayPal may limit the seller's access to his or her account until the seller authorizes PayPal to use funds from their balance, bank account, and/or credit card to recoup the amount paid to the buyer. If the reimbursement request is complete and accurate, PayPal is still required to reimburse the buyer for the amount of the transaction minus the Guarantee fee, even if the seller does not have sufficient funds in their balance.

About | Accounts | Fees | Privacy | Security Center | Contact Us | User Agreement | Developers | Jobs | Buyer Credit | Referrals | Shops | Mass Pay

**PayPal, an eBay company**

Copyright © 1999-2005 PayPal. All rights reserved.
Information about FDIC pass-through insurance

# EXHIBIT
# 2

# MILBERG WEISS

Seth D. Rigrodsky
Direct Dial: DE: 302-984-3201
             NY: 212-631-8679
srigrodsky@milbergweiss.com

March 18, 2005

**VIA LEXISNEXIS FILE & SERVE**
**AND HAND DELIVERY**

The Honorable Stephen P. Lamb
Vice Chancellor
Court of Chancery
New Castle County Courthouse
500 North King Street, Suite 11400
Wilmington, DE 19801

Re:    *In re J.P. Morgan Chase & Co. Shareholder Litigation*
       *Consol. C.A. No. 531-N*

Vice Chancellor Lamb:

We write in response to Joseph N. Gielata's letter to the Court, dated March 17, 2005. For the reasons stated below, the Court should disregard Mr. Gielata's letter in its entirety. We decline to address the substance of Mr. Gielata's arguments, but will do so should the Court deem it appropriate.

Mr. Gielata formerly was associated with Milberg Weiss and worked on this case. He left the firm on February 18, 2005, and no longer represents any party to this action. Mr. Gielata's client in the federal action has not sought to intervene in this case. Accordingly, Mr. Gielata has no standing to ask the Court to dismiss the action, or to seek any other relief. For this reason alone, his letter should be rejected.

More disturbing, however, Mr. Gielata's actions in opposing his own former clients constitute a violation of the Rules of Professional Conduct, in particular Rule 1.9 (Duties to Former Clients). We note the following facts, none of which Mr. Gielata disclosed in his letter:

**Milberg Weiss Bershad & Schulman LLP**
919 N. Market Street · Suite 411 · Wilmington, DE 19801 · 302-984-0597 · Fax 302-984-0870 · www.milbergweiss.com
NEW YORK   ·   BOCA RATON   ·   WILMINGTON   ·   SEATTLE   ·   WASHINGTON, D.C.

The Honorable Stephen P. Lamb
March 18, 2005
Page 2

1.    While at Milberg Weiss, Mr. Gielata was actively involved, as one of the attorneys for Plaintiffs, in developing and litigating this action. (A Notice of Attorney Substitution removing Mr. Gielata's name from the list of counsel for Plaintiffs was filed February 17, 2005.)

2.    Among other things, Mr. Gielata helped prepare and appeared on the various pleadings filed by Plaintiffs, including the original Complaint, filed June 30, 2004; the Consolidated Class Action Complaint, filed September 2, 2004; Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Stay Discovery, filed September 27, 2004; and Plaintiffs' Answering Brief in Opposition to Defendants' Motion to Dismiss, filed December 10, 2004.

3.    Mr. Gielata also appeared in Court, on behalf of Plaintiffs, at the argument on Defendants' motion to dismiss, on January 13, 2005, and at the argument on Defendants' motion to stay discovery, on October 5, 2004.

4.    Mr. Gielata now argues (at page 5 of his letter) that the consummation of the merger of J.P. Morgan Chase & Co. and Bank One Corp. on July 1, 2004 divested this Court of jurisdiction; yet, months later he appeared on pleadings filed with this Court, under the strictures of Chancery Court Rule 11, and participated at oral argument.

5.    As one of the attorneys at Milberg Weiss actively involved in the development and prosecution of this action, Mr. Gielata was privy to confidential attorney work-product.

6.    In blatant disregard of his duty of loyalty to his former clients, Mr. Gielata is now attacking the very case on which he worked as recently as one month ago. Mr. Gielata has not sought the consent of either my firm or his former client to his representation of a new plaintiff in the federal action.

We leave to the Court to consider what action it might wish to take with respect to Mr. Gielata's serious breaches of his responsibilities as a member of the Delaware Bar and an officer of this Court. We are especially concerned that Mr. Gielata's continued pursuit of his action in the United States District Court, in conflict with the interests of the clients he previously represented, may create confusion in the markets in light of the notice and other procedures mandated by the Private Securities Litigation Reform Act of 1995.

Milberg Weiss Bershad & Schulman LLP

The Honorable Stephen P. Lamb
March 18, 2005
Page 3


As always, we are available if Your Honor has any questions or concerns.

Respectfully,

Seth D. Rigrodsky
(DSBA #3147)


SDR:srs

cc:    Joseph N. Gielata, Esq. (via fax:  (302) 792-0777)
       Jesse A. Finkelstein, Esq. (via LexisNexis File & Serve)
       Joshua M. Lifshitz, Esq. (via LexisNexis File & Serve)
       Andrea L. Rocanelli, Esq. (via hand delivery)
       Richard H. Weiss, Esq. (via e-mail)


Milberg Weiss Bershad & Schulman LLP

# EXHIBIT
# 3

/35

## RULE 9 WARRANT/BOTH

### IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| V. | ) | INDICTMENT BY THE GRAND JURY |
| | ) | I.D.#0506021946 |
| JOSEPH N. GIELATA | ) | #0507018523 |
| WAYNE CHEN | ) | |

The Grand Jury of New Castle County charges JOSEPH N. GIELATA AND WAYNE

CHEN with the following offenses;

### COUNT I. A FELONY

#N_____

#N_____

THEFT in violation of Title 11, Section 841 of the Delaware Code of 1974, as amended.

JOSEPH N. GIELATA AND WAYNE CHEN, on or between November 25, 2003 and

December 24, 2003, in the County of New Castle, State of Delaware, did take, exercise control

over, or obtain, pursuant to a common scheme, United States Currency or other miscellaneous

property valued in excess of $1,000.00, belonging to Pay Pal, Inc., or another business or person,

intending to deprive that business or person and/or the owner of the property, or to appropriate it.

### COUNT II. A FELONY

#N_____

#N_____

CONSPIRACY SECOND DEGREE in violation of Title 11, Section 512 of the Delaware

Code of 1974, as amended.

JOSEPH N. GIELATA AND WAYNE CHEN, on or between November 25, 2003 and December 24, 2003, in the County of New Castle, State of Delaware, when intending to promote or facilitate the commission of the felony of Theft, did agree with each other and/or Geoffrey Keston, to aid each other or another person or persons in the planning or commission of the felony or an attempt or solicitation to commit the felony, and one of them or another person, with whom they conspired, did commit an overt act in pursuance of the conspiracy.

A TRUE BILL

_____
FOREPERSON

_____
ATTORNEY GENERAL

_____
DEPUTY ATTORNEY GENERAL