

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH GIELATA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SEAN LUGG, | : | |
| THE STATE OF DELAWARE, | : | |
| ANDREA ROCANELLI, and | : | |
| THE OFFICE OF DISCIPLINARY | : | |
| COUNSEL FOR THE SUPREME COURT | : | NO. 05-CV-4099 |
| OF DELAWARE | : | |

**FILED**

MICHAEL E. KUNZ, Clerk
By. _____ Dep. Clerk

≑ 0 5 - ⸺ 5 6 7

### ORDER

AND NOW, this 2nd day of August, 2005, it appearing that:

A.  This court lacks jurisdiction to enjoin a state court criminal prosecution.  See Younger v. Harris, 401 U.S. 36 (1971); 28 U.S.C. § 2283.

B.  A prosecutor has absolute immunity from claims under 42 U.S.C. § 1983 for seeking an indictment.  See Malley v. Briggs, 475 U.S. 335, 343 (1986).  Under state law, the Deputy Attorney General has absolute immunity "from all civil claims or causes of action founded upon an act or omission arising out of the performance of an official duty..."  Del. Code Ann. tit. 10, § 4001 (2005).

C.  The State of Delaware is immune from civil suits by its own citizens under the Eleventh Amendment to the Constitution of the United States unless consent to be sued is "unequivocally expressed." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99 (1984).  The State of Delaware has not expressed its consent to be sued under this cause of action.

D.  A federal district court has jurisdiction under 28 U.S.C. § 1343 over claims of federal civil rights violations in a state bar disciplinary hearing because such a hearing is not a "state proceeding" under 28 U.S.C. § 2283.  See Taylor v. Kentucky State Bar Ass'n, 424 F.2d 478, 482 (6th Cir. 1970).

E.  It is probable that proper venue for this cause of action lies in the District of Delaware, where it could have been brought.  Even if venue lies in the Eastern District of Pennsylvania, most of the parties and witnesses relating to

this action are located in Delaware.  Transfer to the District of Delaware will therefore serve the convenience of the parties and witnesses.

It is **ORDERED** that:

1.  Defendants Sean Lugg and The State of Delaware are **DISMISSED** for lack of jurisdiction.

2.  This action shall be **TRANSFERRED FORTHWITH** to the United States District Court for the District of Delaware under 28 U.S.C. 1404(a).

Norma L. Shapiro, S.J.

Copy faxed 7/2/05 6:
Richard Hubbard.6

2