UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH N. GIELATA,<br><br>  Plaintiff,<br><br>  v.<br><br>ANDREA L. ROCANELLI, individually and in her official capacity as Chief Counsel of the Office of Disciplinary Counsel for the Supreme Court of Delaware, THE STATE OF DELAWARE, and THE OFFICE OF DISCIPLINARY COUNSEL FOR THE SUPREME COURT OF DELAWARE,<br><br>  Defendants. | Civil Action No. 05-567-GMS |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF AUGUST 2, 2005
ORDER DISMISSING CLAIMS AGAINST THE STATE OF DELAWARE**

Plaintiff submits this motion for reconsideration, under Fed. R. Civ. P. 59(e), of the order of the Honorable Norma L. Shapiro of the Eastern District of Pennsylvania (the "Order"), *inter alia*, dismissing *sua sponte* Plaintiff's claims against the State of Delaware (the "State") on the basis of sovereign immunity. The State has explicitly waived sovereign immunity for the claims at bar and, accordingly, the Order should be vacated insofar as it mistakenly dismissed claims against the State.

On July 25, the State indicted Plaintiff on charges of charges of theft and criminal conspiracy. On August 2, 2005, Plaintiff, acting *pro se*, commenced this action in the Eastern District of Pennsylvania (the "Action") against the State and other defendants seeking declaratory and injunctive relief as well as damages for civil rights violations, malicious prosecution, and intentional infliction of emotional distress. The gravamen of

the Action is that the State and certain of its officials have commenced an unlawful prosecution of Plaintiff with meritless and bad-faith felony charges.

Simultaneous with the commencement of the Action, Plaintiff sought an emergency temporary restraining order against the State prosecution. After a hearing that same day, Judge Shapiro entered an Order denying the motion for a temporary restraining order, *sua sponte* transferring the Action to this District, and *sua sponte* dismissing claims against the State and a State deputy attorney general. (D.I. 5, Attachment #7.) In the Order, Judge Shapiro premised the dismissal of claims against the State on the doctrine of sovereign immunity. (*Id.* at 1.)

"[T]he doctrine of sovereign immunity provides that the State may not be sued without its consent." *Doe v. Cates*, 499 A.2d 1175, 1176 (Del. 1985). However, the State may waive its sovereign immunity through an act of the General Assembly. *Id.* at 1176-77. The State has provided such a waiver in 18 Del. C. § 6511 for "any risk or loss covered by the state insurance coverage program." Notably, 18 Del. C. § 6503 provides, in relevant part, that "[t]he [Insurance Coverage Determination Committee] shall…[p]rotect the public from wrongful actions of State officials and employees…." "Beyond any shadow of a doubt, the [State Insurance] Act is mandatory, both in language and in concept[.]" *Pajewski v. Perry*, 363 A.2d 429, 435 (Del. 1976); *see also Turnbull v. Fink*, 668 A.2d 1370, 1390 (Del. 1995). The State has plainly waived sovereign immunity as to the claims raised by Plaintiff and it is respectfully submitted that the Order should be altered or amended accordingly.

Where timely filed (*i.e.*, within ten days of the Court's order), motions for reconsideration or "reargument" under Local Rule 7.1.5 are deemed the functional equivalents of motions to alter or amend a judgment under Fed. R. Civ. P. 59(e). *See New Castle County v. Hartford Accident and Indemnity Co.*, 933 F.2d 1162, 1176-77 (3d Cir. 1991) (motion for reconsideration filed under Rule 7.1.5's predecessor, Rule 3.3, "that questions the correctness of the judgment generally is treated as a Rule 59(e) motion"); *Jones v. Pittsburgh National Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990) ("This court views a motion characterized as a motion for reconsideration as the 'functional equivalent' of a Rule 59(e) motion to alter or amend a judgment"). The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal quotations omitted). A judgment may be altered or amended under Rule 59 for any of the following reasons: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Id.*

Plaintiff respectfully submits that, based on the State's explicit statutory waiver of sovereign immunity, the Order's dismissal of the State as a defendant on the basis of sovereign immunity reflects a clear error of law which should be corrected to avoid manifest injustice. "Dismissal is only appropriate when 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.'" *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The Order's passing reference to sovereign immunity is plainly inconsistent with 18 Del. C. § 6511.

It is further respectfully submitted that the Order misapplies the doctrine of abstention under *Younger v. Harris*, 401 U.S. 37 (1971). Abstention is inappropriate here because, unlike in *Younger*, where "[t]here [was] no suggestion that this single prosecution…is brought in bad faith or is only one of a series of repeated prosecutions," *id.* at 49, here the instant complaint alleges with abundant particularity the bad-faith nature of the prosecution as well as repeated bogus probes designed to harass Plaintiff. *See also Kern v. Clark*, 331 F.3d 9 (2d Cir. 2003) (holding that district court was required to hold evidentiary issue before rejecting the plaintiff's allegations of bad faith prosecution).

In accordance with Local Rule 7.1.1, the undersigned contacted counsel for defendants[1] on August 11, 2005, by email, to confer on this motion and inquire whether his clients would consent to the relief requested herein. Defendants' counsel indicated that his clients will oppose this motion.

For the foregoing reasons, Plaintiff respectfully requests that the Court vacate the August 2, 2005 Order insofar as it dismisses claims against the State.

Dated: August 16, 2005	Respectfully submitted,

By:  /s/ Joseph N. Gielata
Joseph N. Gielata, Esq., *pro se* (#4338)
501 Silverside Road, Suite 90
Wilmington, Delaware 19809
(302) 798-1096

---

[1] Defendants have not yet waived service of process or been formally served with the complaint.

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

    I hereby certify that, on August 16, 2005, I electronically filed PLAINTIFF'S MOTION FOR RECONSIDERATION OF AUGUST 2, 2005 ORDER DISMISSING CLAIMS AGAINST THE STATE OF DELAWARE (the "Filing") with the Clerk of Court using CM/ECF.

    I hereby certify that, on August 16, 2005, I have mailed the Filing by United States Postal Service, postage prepaid, to the following non-registered participant:

    Richard Hubbard, Esq.
    Delaware Dept. of Justice
    820 N. French St.
    Carvel State Building
    Wilmington, DE 19801

    *Attorney for Defendants*

    /s/ Joseph N. Gielata
    Joseph N. Gielata (DSB # 4338)
    Attorney at Law
    501 Silverside Road, Suite 90
    Wilmington, Delaware 19809
    (302) 798-1096
    attorney@gielatalaw.com