IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH N. GIELATTA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-567-GMS |
| | ) |
| ANDREA L. ROCANELLI, individually and | ) |
| in her Official capacity as Chief Counsel of the | ) |
| Office of Disciplinary Counsel for the Supreme | ) |
| Court of Delaware; THE STATE OF | ) |
| DELAWARE, and THE OFFICE OF | ) |
| DISCIPLINARY COUNSEL FOR THE | ) |
| SUPREME COURT OF DELAWARE, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT STATE OF DELAWARE'S OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION OF AUGUST 2, 2005 ORDER**

COMES NOW the defendant State of Delaware, through undersigned counsel, without waiving any defenses as to lack of service, and hereby opposes plaintiff's Motion for Reconsideration of August 2, 2005 Order Dismissing Claims against the State of Delaware, on the following grounds:

1. Plaintiff's motion for reconsideration is premised on the assertion that 18 Del.C. § 6511 provides a waiver of sovereign immunity. In the same paragraph in which plaintiff makes this assertion, he quotes the Delaware Supreme Court's opinion in *Doe v. Cates,* 499 A.2d 1175 (Del. 1985). Unfortunately, plaintiff misleads this Court by selectively quoting from *Doe v. Cates*, and he fails to disclose the holding of the case.

2. The Delaware Supreme Court did address 18 Del.C. § 6511, and it noted that this provision on its face appears to waive sovereign immunity. However, the

Court went on to review the history of the state insurance coverage program, and reached this conclusion:

> However, in spite of the Committee's repeated attempts to obtain legislation and appropriations to purchase insurance or to fund a self-insurance program, the General Assembly has never acted. At the time these cases arose, the presumptive waiver of sovereign immunity was overcome by the factual situation here outlined. Such presumptive waiver of immunity has expired now because of fifteen years of lack of follow-through.
> Therefore, this Court holds, as a matter of law, that the State has met its burden under the *Pajewski* [*Pajewski v. Perry*, 363 A.2d 429 (Del. 1976)] case and has overcome the presumptive waiver of immunity in 18 Del.C. § 6511.

*Doe*, 499 A.2d at 1179.

3.      The Delaware Supreme Court made several additional points with respect to this issue. In a footnote, the Court stated the following:

> Apparently, the *Pajewski* case has been interpreted as requiring trial courts to conduct a new inquiry into the Committee's efforts to meet its responsibilities under 18 Del.C. ch. 65 each time the State asserts the defense of sovereign immunity. In view of our holding today, such inquiry is no longer necessary.

*Id.* The Court also indicated that the State Tort Claims Act is equally unavailing as 18 Del.C. §6511 as a basis for a waiver argument:

> Appellants in this case have not rested their argument that the State waived its defense of sovereign immunity solely on 18 Del.C. §6511. Appellants also claim that the State Tort Claims Act, 10 Del.C. §§ 4001-4005, enacted in 1979, provides for a waiver of all sovereign immunity except such sovereign immunity as is specifically preserved in that act. We find no merit to this contention.

*Doe*, 499 A.2d at 1179-1180.

4.      *Doe v. Cates* is still good law. As recently as 2004, in *Pauley v. Reinoehl*, 848 A.2d 569, 576 (Del.Supr. Apr 26, 2004), the Delaware Supreme Court has reaffirmed the vitality of *Doe*: "Just as the *Doe* Court rejected a claim that the

State waived sovereign immunity for unlimited exposure where no insurance was available, the State has waived sovereign immunity on the Pauley Plaintiffs' claims but only to the extent that the State has provided applicable insurance coverage." This continues to be the law: the State enjoys sovereign immunity to the extent it lacks insurance for the liability at issue.

5. As recently as August 19, 2005, the Delaware Superior Court has granted the State summary judgment where an affidavit from Debra Lawhead, the State Insurance Coverage Administrator, indicated that the State lacked insurance coverage for the type of liability asserted in an action against the Delaware Department of Correction. *See Murphy v. Correctional Medical Services, Inc., et al.,* C.A. No. 03C-04-271-PLA, Ableman, J. (Del. Super. Aug. 19, 2005) (Opinion and Order) (copy attached at Exhibit A).

6. Attached at Exhibit B is an affidavit from the State Insurance Coverage Administrator, Debra Lawhead, who has reviewed the complaint in the instant action, stating that the State of Delaware lacks insurance coverage for the type of claim in the instant complaint.[1] Thus, sovereign immunity is not waived, and neither is Eleventh Amendment immunity waived in this Court. The plaintiff's motion to reconsider should be denied.

7. Aside from the deficient merits of the motion, plaintiff has had sufficient time since this action was first filed in the Eastern District of Pennsylvania to serve the defendants, and he should not be permitted to maintain motions on the

---

[1] Due to time constraints, the attached exhibit is a copy of a facsimile version of the affidavit. The original affidavit will be filed shortly.

merits without complying with the requirement of serving the summons and complaint upon the defendants.

FOR THE FOREGOING REASONS, the defendant State of Delaware respectfully requests that this Court deny plaintiff's motion for reconsideration of the August 2, 2005 Order of District Judge Shapiro.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/  Richard W. Hubbard

_____
Richard W. Hubbard, I.D. #2442
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th floor
Wilmington, DE 19801
(302) 577-8308
richard.hubbard@state.de.us

Dated:  August 24, 2005

Attorney for Defendants

## CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on August 24, 2005, he caused the foregoing document to be delivered to the following persons in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Joseph N. Gielata, Esquire
501 Silverside Road, Ste. 90
Wilmington, DE 19809

**MANNER OF DELIVERY:**

x   One true copy by electronic delivery.

___One true copy by facsimile transmission to each recipient

 x  Two true copies by first class mail, postage prepaid, to each recipient

___Two true copies by Federal Express

___Two true copies by hand delivery to each recipient

/s/ Richard W. Hubbard
_____
Richard W. Hubbard, I.D. # 2442
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th floor
Wilmington, DE 19801
(302) 577-8308
richard.hubbard@state.de.us