UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH N. GIELATA,<br><br>    Plaintiff,<br><br>  v.<br><br>ANDREA L. ROCANELLI, individually and in her official capacity as Chief Counsel of the Office of Disciplinary Counsel for the Supreme Court of Delaware, THE STATE OF DELAWARE, and THE OFFICE OF DISCIPLINARY COUNSEL FOR THE SUPREME COURT OF DELAWARE,<br><br>    Defendants. | Civil Action No. 05-567-GMS |

**PLAINTIFF'S MOTION TO STRIKE THE AFFIDAVIT OF DEBRA LAWHEAD FROM DEFENDANT STATE OF DELAWARE'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF AUGUST 2, 2005 ORDER DISMISSING CLAIMS AGAINST THE STATE OF DELAWARE**

Plaintiff submits this Motion to Strike the Affidavit of Debra Lawhead (the "Affidavit") from Defendant State of Delaware's Opposition to Plaintiff's Motion for Reconsideration of the August 2, 2005 Order Dismissing Claims Against the State of Delaware (the "Opposition").

On a motion for reargument, Local Rule 7.1.5 does not expressly provide the movant with an opportunity to submit a reply. However, the Opposition omits crucial provisions of the State's Insurance Program (including its self-insurance provisions) and relies on a self-serving and erroneous affidavit. In particular, the substance of the Affidavit cannot be reconciled with the non-discretionary nature of the State Insurance

Program.[1]  The express statutory waiver of sovereign immunity should not be set aside merely because state officials have ignored their mandatory duties to obtain adequate insurance.  It is no excuse that no one has yet sought mandamus on this issue.[2] Moreover, the Affidavit omits any reference to the State's self-insurance program.  *See* 18 Del. C. § 6530 *et seq.* (providing, *inter alia*, that the State Self-Insurance Fund shall be initially capitalized with $2 million and thereafter replenished whenever payment of losses from the Fund exceeds $2 million during any fiscal year).

Due to the inclusion of the Affidavit, the Opposition should be converted into a Rule 56 motion for summary judgment (and denied as such).  In the related context of a motion to dismiss for failure to state a claim, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent."  Fed. R. Civ. P. 12(b)(6). This includes "giving the party opposing the motion notice and an opportunity to conduct necessary discovery and to submit pertinent material."  *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991); *Southmark Prime Plus, L.P. v. Falzone*, 776 F. Supp. 888, 892 (D. Del. 1991) ("[w]hen the Court goes beyond the pleadings and judicially noticed facts ... the Court must convert the motion and give both sides ... an opportunity to

---

[1] "Section 6511 [of the State Insurance Act] states flatly that the defense of sovereignty 'is waived' and 'will not be asserted.'  There is a limitation to that waiver, that is, it extends to 'any risk or loss covered by the state insurance coverage program.'  To determine what risk or loss is covered by that program, we look to § 6502 which directs the Committee to insure *any* type of risk to which the State may be exposed.  Such risk may be protected by commercially acquired insurance *or* through a self-insurance program but, *the point is, it must be protected.*"  *Turnbull v. Fink*, 668 A.2d 1370, 1388 (Del. 1995) (Holland, J., dissenting, joined by Berger, J.) (emphasis in original).
[2] If the Court is inclined at this time to accept the State of Delaware's factual contention that no insurance covering Plaintiff's claims has been obtained, it is respectfully requested that a stay be entered so that Plaintiff may petition for an appropriate writ of mandamus from the Delaware Supreme Court.

supplement the factual record").[3]  If this Court considers the contested affidavit in determining Plaintiff's motion for reconsideration, Plaintiff respectfully requests an opportunity to conduct discovery.

For the foregoing reasons, Plaintiff respectfully requests that the Court disregard the Affidavit upon which the Opposition is premised and, accordingly, grant Plaintiff's motion for reconsideration of the August 2, 2005 order dismissing claims against the State of Delaware.[4]  Alternatively, Plaintiff respectfully requests leave to reply to the Opposition after an opportunity to conduct discovery and/or seek a writ of mandamus.

Dated:    August 24, 2005                              Respectfully submitted,


                                         By:     /s/ Joseph N. Gielata
                                                 Joseph N. Gielata, Esq., *pro se* (#4338)
                                                 501 Silverside Road, Suite 90
                                                 Wilmington, Delaware 19809
                                                 (302) 798-1096

---

[3] Notably, the case relied upon by the State of Delaware, *Murphy v. Correctional Medical Services, Inc., et al.*, C.A. No. 03C-04-271-PLA (Del. Super. Aug. 19, 2005), decided motions for summary judgment, reached *after* the benefit of discovery.  *See also Davis v. Department of Corrections*, C.A. No. 03-12-147AP, 2004 WL 3312522 (Del. Com. Pl. Nov. 19, 2004) (converting motion to dismiss on immunity grounds to motion for summary judgment and denying motion for summary judgment where genuine issues of material fact remained with respect to, *inter alia*, the application of the doctrine of qualified immunity as provided by the State Tort Claims Act) (attached hereto as Exhibit A).

[4] In this regard, the State of Delaware did not address *Younger* abstention in its Opposition, apparently conceding the inapplicability of the *Younger* doctrine to the claims at bar.

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on August 24, 2005, I electronically filed PLAINTIFF'S MOTION TO STRIKE THE AFFIDAVIT OF DEBRA LAWHEAD FROM DEFENDANT STATE OF DELAWARE'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF AUGUST 2, 2005 ORDER DISMISSING CLAIMS AGAINST THE STATE OF DELAWARE with the Clerk of Court using CM/ECF which will send notification of such filing to:

Richard Hubbard, Esq.
Delaware Dept. of Justice
820 N. French St., 6th Floor
Carvel State Building
Wilmington, DE 19801

*Attorney for Defendants*

 /s/ Joseph N. Gielata
Joseph N. Gielata (DSB # 4338)
Attorney at Law
501 Silverside Road, Suite 90
Wilmington, Delaware 19809
(302) 798-1096
attorney@gielatalaw.com