

Not Reported in A.2d                                                                 Page 1
Not Reported in A.2d, 2004 WL 3312522
**(Cite as: Not Reported in A.2d)**

Not Reported in A.2d, 2004 WL 3312522
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
 Court of Common Pleas of Delaware,Kent County.
  Roderick D. DAVIS, Plaintiff-Below, Appellant,
v.
DEPARTMENT OF CORRECTIONS, Warden Thomas Carroll, Officer Frank Kromka and Lt. Robert May, Defendants-Below, Appellees.
**C.A. No. 03-12-147AP.**

Submitted: Nov. 9, 2004.
Decided: Nov. 19, 2004.

Roderick D. Davis, Smyrna, DE, for Plaintiff.
Stuart B. Drowos , Esq., Deputy Attorney General, Department of Justice, Wilmington, DE, for Defendants.

### *DECISION ON MOTION TO DISMISS*

CHARLES W. WELCH, Judge.
**\*1** Plaintiff-Below, Appellant ("Plaintiff"), has filed a civil appeal with this Court seeking a trial *de novo* of a final order of a Justice of the Peace Court pursuant to 10 *Del. C.* § 9571. The Defendants-Below, Appellees ("Defendants"), have filed a motion to dismiss the appeal. FN1 In their motion, the Defendants request that the Court dismiss the Plaintiff's civil action pursuant to Rule 12(b)(6) of the *Civil Rules Governing the Court of Common Pleas* with prejudice for failure to state a claim upon which relief can be granted. The Defendants' motion requesting dismissal of the Plaintiff's civil action against them in their "official capacity" is granted pursuant to the doctrine of sovereign immunity. The Defendants have also requested dismissal of the Plaintiff's civil action against them in their "individual capacity" pursuant to the doctrine of qualified immunity that is available to them under the State Tort Claims Act found at 10 *Del. C.* § 4001. In this regard, Defendant Warden Thomas Carroll's motion requesting dismissal of the Plaintiff's civil action against him in his individual capacity is granted. However, the motion of Defendants Officer Frank Kromka and Lieutenant Robert May requesting dismissal of the Plaintiff's civil action against them in their individual capacity pursuant to the doctrine of qualified immunity is denied as genuine issues of material fact still remain with respect to the disposition of the Plaintiff's property and the application of the doctrine of qualified immunity as provided by the State Tort Claims Act.

> FN1. The Defendants have titled their motion a "motion to dismiss." However, since materials outside the complaint must be considered to render a decision on the motion, it must be treated as a motion for summary judgment. *Johnson v. Redman,* 1985 WL 189301 (Del.Super.).

### FACTS

This action involves a civil appeal that was filed by the Plaintiff from a Justice of the Peace Court Order that dismissed his replevin action against the Defendants, a State of Delaware agency and employees of the agency, for certain items of personal property. FN2 In his action, the Plaintiff alleges that various items of tangible personal property and legal materials were wrongfully taken from him and disposed of by the Defendants. As a result of this alleged conversion of his personal property, he is seeking money damages.

> FN2. Although the Plaintiff's civil action was filed as a replevin action, it appears as though it is actually a civil action for conversion since the Plaintiff is seeking money damages for items that he alleges were wrongfully taken from him and disposed of by the Defendants.

The Defendants have now filed a motion for summary judgment to dismiss the Plaintiff's claims for a failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the *Civil Rules Governing the Court of Common Pleas.* In support of their motion, the Defendants allege the following:
  1. That the Plaintiff's claims are barred by the doctrine of sovereign immunity;
  2. That the Plaintiff's claims are barred by the State Tort Claims Act pursuant to 10 *Del. C.* § 4001; and
  3. That there is no factual basis for the Plaintiff's claims.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                                  Page 2
Not Reported in A.2d, 2004 WL 3312522
**(Cite as: Not Reported in A.2d)**

### LEGAL STANDARD FOR MOTION FOR SUMMARY JUDGMENT

For the Defendants to prevail on their motion for summary judgment, they must prove that there are no genuine issues as to any material fact and that they are entitled to judgment as a matter of law. *Browning-Ferris, Inc., v. Rockford Enterprises, Inc.,* 642 A.2d 820 (Del.Super.1993). In reviewing the record, the Court must view the facts and all reasonable inferences in the light most favorable to the non-moving party. *Stein v. Griffith,* 2002 WL 32072578, at *1 (Del.Com.Pl.).

### DECISION

### I. **Doctrine of Sovereign Immunity**

**\*2** "[T]he doctrine of sovereign immunity provides that the State may not be sued without its consent." *Doe v. Cates,* 499 A.2d 1175, 1176 (Del.1985). This immunity also bars suit against employees of the State in their official capacities. *Id. See also Aleem v. Comm'r Stanley Taylor,* 2003 WL 1851704, at *2 (Del.Com.Pl .). The State may waive its sovereign immunity through an act of the General Assembly. *Doe,* 499 A.2d at 1176 and 1177; *Aleem,* 2003 WL 1851704, at *2. The State has provided such a waiver in 18 *Del. C.* § 6511 for "any risk or loss covered by the state insurance coverage program." However, in the present case, the State has filed an affidavit indicating that it has no insurance coverage pertaining to any possible tort liability for the facts and cause of action alleged in the Plaintiff's complaint. Therefore, the State has not waived its sovereign immunity for the Plaintiff's claims and his action against the Defendants in their official capacities must be dismissed. Since the Department of Correction can only be sued in its official capacity as a State agency, all claims asserted against it in the Plaintiff's action are, thus, dismissed and it is no longer a party to the action.

### II. **Qualified Immunity of State Tort Claims Act**

Defendants Warden Thomas Carroll ("Carroll"), Officer Frank Kromka ("Kromka") and Lieutenant Robert May ("May") also have a qualified immunity from civil liability pursuant to the State Tort Claims Act found at 10 *Del. C.* § 4001. The Act provides as follows:

> Except as otherwise provided by the Constitutions or laws of the United States or of the State, as the same may expressly require or be interpreted as requiring by a court of competent jurisdiction, no claim or cause of action shall arise, and no judgment, damages, penalties, costs or other money entitlement shall be awarded or assessed against the State or any public officer or employee, including the members of any board, commission, conservation district or agency of the State, whether elected or appointed, and whether now or previously serving as such, in any civil suit or proceeding at law or in equity, or before any administrative tribunal, where the following elements are present:
> (1) The act or omission complained of arose out of and in connection with the performance of an official duty requiring a determination of policy, the interpretation or enforcement of statutes, rules or regulations, the granting or withholding of publicly created or regulated entitlement or privilege or any other official duty involving the exercise of discretion on the part of the public officer, employee or member, or anyone over whom the public officer, employee or member shall have supervisory authority;
> (2) The act or omission complained of was done in good faith and in the belief that the public interest would best be served thereby; and
> (3) The act or omission complained of was done without gross or wanton negligence;
>
> **\*3** provided that the immunity of judges, the Attorney General and Deputy Attorneys General, and members of the General Assembly shall, as to all civil claims or causes of action founded upon an act or omission arising out of the performance of an official duty, be absolute; provided further that in any civil action or proceeding against the State or a public officer, employee or member of the State, the plaintiff shall have the burden of proving the absence of 1 or more of the elements of immunity as set forth in this section.

*See* 10 *Del. C.* § 4001.

As a result of the qualified immunity provided by the State Tort Claims Act, in order to prevail in his action, the Plaintiff must prove one or more of the following:

> (a) That the alleged tortious conduct (in this case the conversion of his personal property) did not arise out of or in connection with the performance of an official duty;
> (b) That the alleged tortious conduct was not performed in good faith; or

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d  
Not Reported in A.2d, 2004 WL 3312522  
**(Cite as: Not Reported in A.2d)**

Page 3

(c) That the alleged tortious conduct was performed with gross or wanton negligence. *Scott v. Walsh,* 1996 WL 944978, at *3, (Del.Super.). *See also Aleem v. Comm'r Taylor,* 2003 WL 1851704, at *2 (Del.Com.Pl.).

It is the contention of Defendants Carroll, Kromka and May that they are entitled to the qualified immunity provided by the State Tort Claims Act as the Plaintiff is unable to prove any of these three criteria necessary to prevail against them. Therefore, his cause of action against them in their individual capacities should also be dismissed.

The Plaintiff alleges that Kromka and May wrongfully converted tangible personal property of his when they failed to return and eventually disposed of personal items that had been confiscated from him without his consent. In this regard, he contends that the regulations of the Department of Correction were not applied properly by Kromka and May when they failed to return and eventually disposed of his property. Thus, there are still genuine issues of material fact remaining concerning the disposition of the Plaintiff's property and whether the qualified immunity provided by the State Tort Claims Act should apply to Kromka and May. As a result of these existing issues of fact, the Defendants' motion for summary judgment requesting the dismissal of the Plaintiff's action against Kromka and May in their individual capacities pursuant to the qualified immunity available to them under the State Tort Claims Act must be denied.

The Court comes to a different conclusion with respect to the Plaintiff's claims against Defendant Carroll, however. The entire factual basis for the Plaintiff's claim against Carroll is that Carroll was the warden of the institution that confiscated the Plaintiff's property and that he sent a letter to Carroll requesting the return of the property to which Carroll never responded. I find that this one specific incident, even viewed in the light most favorable to the Plaintiff, is not sufficient to disqualify Carroll from the qualified immunity protection available to him by the State Tort Claims Act. Carroll's alleged conduct obviously arose out of or in connection with the performance of his official duties as a warden. Additionally, the Plaintiff's allegations are not sufficient to prove that Carroll did not act in good faith or with gross or wanton negligence. As a result of this finding, the Plaintiff's action against Defendant Carroll must be dismissed.

III. **Factual Basis for Plaintiff's Claims**

**\*4** Finally, in their motion for summary judgment, Defendants Kromka and May contend that there is no factual basis to support the Plaintiff's claim for replevin or conversion against them. It is their contention that the items for which the Plaintiff is seeking recovery were confiscated as contraband and disposed of pursuant to Department of Correction policy and regulations. Therefore, they are not liable for them. *See In re Richardson,* 2002 WL 1162291 (Del .Super.). *See also Hamilton v. Redman,* 1988 WL 39990 (Del.Super.). The Plaintiff contests these assertions as set forth by Kromka and May and claims that they did not properly follow Department of Correction policy, regulations and procedures with respect to the storage, return and disposal of his personal property and that his property was wrongfully converted. Therefore, genuine issues of material fact still remain concerning the disposition of the Plaintiff's property and Defendants Kromka and May's adherence to Department of Correction policy, regulations and procedures. As such, Defendants Kromka and May's motion for summary judgment requesting the dismissal of the Plaintiff's claims against them for his failure to provide a sufficient factual basis to support the claims is denied.

CONCLUSION

As a result of the Court's findings of fact, which are based upon the entire record, and the Court's above-referenced conclusions of law, the Court finds as follows with respect to the Defendants' motion for summary judgment:

  A. That the Defendants' motion for summary judgment to dismiss the Plaintiff's claims against them in their official capacities, pursuant to the doctrine of sovereign immunity, is granted. Since the Department of Correction can only be sued in its official capacity as a State agency, all claims asserted against it in the Plaintiff's action are, thus, dismissed, and it is no longer a party to the action.
  B. That Defendants Officer Frank Kromka and Lieutenant Robert May's motion for summary judgment based on the qualified immunity available to them as State employees under the State Tort Claims Act is denied as genuine issues of material fact still remain concerning the disposition of the Plaintiff's property and whether the qualified immunity provided by the State Tort Claims Act should apply.
  C. That Defendant Warden Thomas Carroll's

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
Not Reported in A.2d, 2004 WL 3312522
**(Cite as: Not Reported in A.2d)**

motion for summary judgment based on his qualified immunity under the State Tort Claims Act is granted, dismissing all claims asserted against him by the Plaintiff's action and, thus, dismissing him as a party to the action.

D. That Defendants Officer Frank Kromka and Lieutenant Robert May's motion for summary judgment for the Plaintiff's failure to provide a sufficient factual basis upon which relief can be granted is denied as genuine issues of material fact still remain concerning the disposition of the Plaintiff's property and Defendants Kromka and May's adherence to Department of Correction policy, regulations and procedures.

**\*5 IT IS SO ORDERED.**

Del.Com.Pl.,2004.
Davis v. Department of Corrections
Not Reported in A.2d, 2004 WL 3312522

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.