UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH N. GIELATA,<br><br>      Plaintiff,<br><br>      v.<br><br>ANDREA L. ROCANELLI, individually and in her official capacity as Chief Counsel of the Office of Disciplinary Counsel for the Supreme Court of Delaware, THE STATE OF DELAWARE, and THE OFFICE OF DISCIPLINARY COUNSEL FOR THE SUPREME COURT OF DELAWARE,<br><br>      Defendants. | Civil Action No. 05-567-GMS |

**REPLY IN FURTHER SUPPORT OF
PLAINTIFF'S MOTION TO STRIKE THE AFFIDAVIT OF DEBRA LAWHEAD
FROM DEFENDANT STATE OF DELAWARE'S OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION OF AUGUST 2, 2005
ORDER DISMISSING CLAIMS AGAINST THE STATE OF DELAWARE**

Plaintiff submits this Reply in Further Support of his Motion to Strike (the "Strike Motion") the Affidavit of Debra Lawhead (the "Affidavit") from Defendant State of Delaware's Opposition to Plaintiff's Motion for Reconsideration of the August 2, 2005 Order Dismissing Claims Against the State of Delaware (the "State").

Once again, in contravention of the Delaware Code's clear prohibition, the State insists that sovereign immunity precludes the monetary damages sought by Plaintiff against the State. This, despite the unambiguous statutory instruction that "[t]he defense of sovereignty…cannot and *will not be asserted*…." 18 Del. C. § 6511 (emphasis added). Section 6511 plainly mandates statutory estoppel of precisely this contention by the State.

The statute does not merely waive sovereign immunity and demonstrate consent to suit—

it specifically prohibits the State from even *asserting* the defense of sovereign immunity.

Even without such estoppel, the contention that sovereign immunity is not waived

because the State has failed to obtain commercial insurance is meritless in light of the

State's self-insurance program.  *See* 18 Del. C. § 6530 *et seq.*

In its opposition to the Strike Motion, the State raises a new argument, not

previously raised: that the State's explicit waiver of sovereign immunity under § 6511

does not extend to suits brought in federal court.  The State's reliance on *Kardon v. Hall*,

406 F. Supp. 4 (D. Del. 1975)  for this proposition  is misplaced  in light of the Third

Circuit's subsequent clarification of *Kardon*:

> The rationale for construing a waiver narrowly is to protect
> the state treasury, and when a state is insured against the
> loss from a claim, that rationale is attenuated.  Therefore,
> although a state's insurance coverage does not necessarily
> imply a waiver of the Eleventh Amendment, the reasoning
> of *Kardon* may be inapposite in this case.  The record does
> not disclose whether or not Delaware is insured against loss
> from the type of claim made here.  Therefore, we decline to
> decide whether Delaware has waived its Eleventh
> Amendment immunity, and we remand the case to the
> district court to determine if this type of loss is insured and,
> if so, whether Eleventh Amendment immunity has been
> waived.

*West v. Keve*, 571 F.2d 158, 164 (3d Cir. 1978) (footnote omitted).

Here, there is, at the very least, a material question of fact concerning the extent to

which the State's self-insurance program covers Plaintiff's claims.   Further, Plaintiff

contends that, whether or not the State has, in fact, obtained commercial insurance to

cover Plaintiff's claims, the Delaware Code plainly directs the State to maintain and/or

obtain such insurance, without exception.    The State's arguments ignore the plain language of the relevant statutes or fail to take the statutes seriously.

In addition to the foregoing, the State has not presented any tenable reason or authority to justify consideration of the Affidavit at this time.  *See Melo v. Hafer*, 912 F.2d 628, 634 (3d Cir. 1990) (summary judgment standard not followed in absence of "complete factual record developed during a defined discovery period").  Accordingly, it is respectfully requested that the Court grant the Strike Motion and exclude the Affidavit from consideration of Plaintiff's Motion for Reconsideration of the August 2, 2005 Order Dismissing Claims Against the State.

Dated:    September 8, 2005                    Respectfully submitted,


By:    /s/ Joseph N. Gielata
       Joseph N. Gielata, Esq., *pro se* (#4338)
       501 Silverside Road, Suite 90
       Wilmington, Delaware 19809
       (302) 798-1096

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on September 8, 2005, I electronically filed the REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO STRIKE THE AFFIDAVIT OF DEBRA LAWHEAD FROM DEFENDANT STATE OF DELAWARE'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF AUGUST 2, 2005 ORDER DISMISSING CLAIMS AGAINST THE STATE OF DELAWARE with the Clerk of Court using CM/ECF which will send notification of such filing to:

Richard Hubbard, Esq.
Delaware Dept. of Justice
820 N. French St., 6th Floor
Carvel State Building
Wilmington, DE 19801

*Attorney for Defendants*

 /s/ Joseph N. Gielata
Joseph N. Gielata (DSB # 4338)
Attorney at Law
501 Silverside Road, Suite 90
Wilmington, Delaware 19809
(302) 798-1096
attorney@gielatalaw.com