absolute immunity is consistent with the absolute immunity recognized in the federal court opinions cited above in section III.B. However, absolute immunity is even broader in Rule 10 as it creates an immunity from "civil suit," not just from a damages action. Thus, it clearly extends to all forms of relief.

### D. Supplemental state law claims should be dismissed when the federal law claims are dismissed.

It is well established that if the basis for federal jurisdiction in federal district court fails, then absent extraordinary circumstances, any supplemental state law claims should also be dismissed. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) ("Under *Gibbs* jurisprudence, where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."). In the instant action, as the federal claims should be dismissed for the foregoing reasons, the state law claims should be dismissed as well.