IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH N. GIELATA,<br><br>        Plaintiff,<br><br>v.<br><br>ANDREA L. ROCANELLI, AND<br>OFFICE OF DISCIPLINARY COUNSEL<br>FOR THE SUPREME COURT OF<br>DELAWARE,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)   C.A. No. 05-567 (GMS)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Plaintiff Joseph N. Gielata, a Delaware attorney, was indicted by the State of Delaware on July 25, 2005 for theft and conspiracy to commit theft. Consequently, Defendant Andrea L. Rocanelli, Chief Counsel of the Office of Disciplinary Counsel for the Supreme Court of Delaware, filed a petition for automatic suspension of Gielata's license to practice law, pursuant to Rule 16 of the Delaware Lawyers' Rules of Disciplinary Procedure, pending the conclusion of the criminal matter. Gielata subsequently filed suit in federal court in the Eastern District of Pennsylvania against the defendants, against the Deputy Attorney General of the State of Delaware, and the State of Delaware itself. That court dismissed the Deputy Attorney General and the State *sua sponte* on Eleventh Amendment grounds, and then transferred the remainder of the case to this district. Presently before the court are three motions filed by Gielata: (1) motion for a temporary restraining order to prevent Gielata's license from being temporarily suspended, (2) motion for reconsideration of the dismissal of the State, and (3) motion to strike the affidavit of Debra Lawhead, the Insurance Coverage Administrator for the State of Delaware. Also before the court is the defendants' motion to dismiss the complaint. The court addresses each motion below:

"The test for preliminary relief is a familiar one. A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 158 (3d Cir. 1999). Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.' *American Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994) (quotation omitted)." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). Gielata argues that the suspension of his license pursuant to Rule 16 violates the Due Process Clause of the Fourteenth Amendment. However, he fails to show a likelihood of success on the merits. Rather, Gielata summarily states that he has a "colorable" claim. Moreover, he sights no precedent for the proposition that the temporary suspension of a license pending the outcome of a criminal proceeding deprives the license holder of the due process of law. Therefore, the motion for a temporary restraining order must be denied.

As to the motion for reconsideration, Gielata contends that the federal court in Pennsylvania committed clear error when it dismissed the State *sua sponte* because no consideration was given to whether the State waived Eleventh Amendment immunity under Del. Code Ann. tit. 18, § 6511 (1999) (explicit waiver of sovereign immunity in cases where the State's risk or loss is covered by insurance). Gielata relies on *West v. Keve*, where the Third Circuit remanded a case to the district court with instructions to further develop the factual record in order to determine whether Delaware was insured for the risk or loss at issue, and thereby waived Eleventh Amendment immunity. 571 F.2d 158, 164 (3d Cir. 1978). But subsequently, then-District Judge Roth analyzed *West* in the context of a more recent Supreme Court case – *Atascadero State Hospital v. Scanlon*, 473 U.S. 234,

238 n. 1 (1985) ("[W]e require an unequivocal indication that the State intends to consent to federal jurisdiction that otherwise would be barred by the Eleventh Amendment.") – and held that even if section 6511 waives Delaware's sovereign immunity from suit in its own courts, it does not waive the Delaware's Eleventh Amendment immunity from suit in federal court. *Ospina v. Department of Corrections*, 749 F. Supp. 572, 577-79 (1990). In the instant case, the court finds no reason to part with the holding of *Ospina*, and the motion for reconsideration will be denied. In addition, the motion to strike the affidavit of Delaware's Insurance Coverage Administrator is moot in light of the court's ruling, and it will be denied as well.

Finally, regarding the defendants' motion to dismiss the complaint, Gialetta has since filed an amended complaint and the parties have stipulated to a briefing schedule for another motion to dismiss to be filed by the defendants. Therefore, the court will deny the original motion to dismiss as moot.

IT IS HEREBY ORDERED THAT:

1. The plaintiff's motion for a temporary restraining order (D.I. 6) be DENIED;
2. The plaintiff's motion for reconsideration (D.I. 8) be DENIED;
3. The plaintiff's motion to strike (D.I. 11) be DENIED as moot; and
4. The defendants' motion to dismiss (D.I. 19) be DENIED as moot.

Dated: February 24, 2006

UNITED STATES DISTRICT JUDGE

FILED
FEB 2 4 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

3