IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH N. GIELATA,<br><br>          Plaintiff,<br><br>    v.<br><br>ANDREA L. ROCANELLI, individually and in her official capacity as Chief Counsel of the Office of Disciplinary Counsel for the Supreme Court of Delaware, and THE OFFICE OF DISCIPLINARY COUNSEL FOR THE SUPREME COURT OF DELAWARE,<br><br>          Defendants. | Civil Action No. 05-567-GMS |

**PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff Joseph N. Gielata ("Plaintiff") respectfully requests that this Court reconsider its May 19 order (D.I. 38) dismissing the above-captioned action.

The grounds for this motion are as follows:

1. This Court dismissed Counts I and V-X of Plaintiff's amended complaint (D.I. 25) on the basis of *Younger* abstention. (D.I. 38 at 5.) The aforesaid Counts expressly seek, *inter alia*, money damages. (D.I. 25 at ¶¶ 110, 131, 135, 138, 144, 153.)

2. The United States Supreme Court has stated that "we have permitted federal courts applying abstention principles in damages actions to enter a stay, ***but we have not permitted them to dismiss the action altogether***[.]" *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996) (emphasis added). *See also Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) ("[T]he District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding.").

3.    Construing the scope of *Younger* abstention, the Supreme Court in *Deakins*, *supra*, expressly approved the Third Circuit's rulings in *Crane v. Fauver*, 762 F.2d 325 (3d Cir. 1985) and *Williams v. Red Bank Board of Education*, 662 F.2d 1008 (3d Cir. 1981) that "require[d] a District Court to stay rather than dismiss claims that are not cognizable in the parallel state proceedings." *Deakins*, 484 U.S. at 202.

4.    The First, Second, Third, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth and Eleventh Circuits have uniformly held that abstention under *Younger* and its progeny cannot serve as the basis to dismiss claims for damages. *See, e.g., Kyricopoulos v. Town of Orleans*, 967 F.2d 14, 15 n.1 (1st Cir. 1992) (per curiam) ("As for § 1983 damages actions, it is appropriate to stay the federal action pending the conclusion of the state criminal proceedings."); *Kirschner v. Klemons*, 225 F.3d 227, 238 (2d Cir. 2000) ("[W]e have held that abstention and dismissal are inappropriate when damages are sought, even when a pending state proceeding raises identical issues and we would dismiss otherwise identical claims for declaratory and injunctive relief, but that a stay of the action pending resolution of the state proceeding may be appropriate."); *Marran v. Marran*, 376 F.3d 143, 155 (3d Cir. 2004) ("[A]bstention under *Younger* principles is not proper when damages are sought"); *Traverso v. Penn*, 874 F.2d 209, 213 (4th Cir. 1989) ("That the § 1983 claim at issue seeks not only injunctive and declarative relief but money damages as well does not preclude abstention as to the whole action.  Under our decisions, the appropriate course is to abstain by staying proceedings on monetary as well as injunctive and declaratory claims."); *Alexander v. Ieyoub*, 62 F.3d 709, 713 (5th Cir. 1995) ("We have previously observed that the *Younger* abstention doctrine does not apply to a suit seeking only damages."); *Bishop v. State Bar of Texas*, 736 F.2d 292, 295 (5th Cir. 1984)

("The district court also erred in dismissing Bishop's claim for damages, a species of relief wholly unaffected by *Younger*."); *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1076 (6th Cir. 1998) ("We therefore affirm the District Court's application of *Younger* abstention to Carroll's case but remand the case for the District Court to stay rather than dismiss her lawsuit until the conclusion of the state proceedings."); *Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 598, 603-04 (8th Cir. 1999) (holding that a stay rather than a dismissal is appropriate when "monetary damages are sought in addition to injunctive relief and the federal court is not asked to declare a state statute unconstitutional in order to award damages"); *Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004) ("[A]n abstention-based stay order, rather than a dismissal, is appropriate when damages are at issue"); *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223 (10th Cir. 2004); *Pompey v. Broward County*, 95 F.3d 1543, 1552 n.12 (11th Cir. 1996) ("It is doubtful that federal district courts may dismiss claims for damages under abstention principles."); *Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985) (per curiam) (reversing dismissal of § 1983 action, but ordering district court to abstain on deciding the merits until the pending state court proceeding concludes). *Cf. JMM Corporation v. District of Columbia*, 378 F.3d 1117 (D.C. Cir. 2004) (observing that district court dismissed claims for injunctive and declaratory relief under *Younger* while staying claims for money damages under *Deakins*). *But see Green v. Benden*, 281 F.3d 661, 667 (7th Cir. 2002) (remanding for dismissal of damages claim under *Younger* abstention, where plaintiff could have brought his damages claim along with claim for administrative review); *Majors v. Engelbrecht*, 149 F.3d 709, 714 (7th Cir. 1998) (affirming the dismissal of a § 1983 damages claim on *Younger* abstention grounds when the specific

relief requested in federal court was available in the state proceeding). Even the Seventh Circuit, apparently the lone outlier, has held that a stay is appropriate when the specific relief sought is not available in the state court proceeding. *See Simpson v. Rowan*, 73 F.3d 134, 137-39 & nn.5-6 (7th Cir. 1995).

5.  The Ninth Circuit en banc analyzed this issue at length in *Gilbertson v. Albright*, *supra*, observing that comity concerns must be balanced against a district court's obligation to exercise its jurisdiction in actions at law. 381 F.3d at 975.

6.  "When the Supreme Court has applied abstention principles to actions at law, it has only allowed stay orders, not orders dismissing the action entirely." *Id.* at 981 (citing *Quackenbush*, *supra*, 517 U.S. at 719-20 (collecting cases)). Accordingly,

> when damages are sought and *Younger* principles apply, it makes sense for the federal court to refrain from exercising jurisdiction *temporarily* by staying its hand until such time as the state proceeding is no longer pending. This allows the federal plaintiff an opportunity to pursue constitutional challenges in the state proceeding (assuming, of course, that such an opportunity is available under state law), and the state an opportunity to pass on those constitutional issues in the context of its own procedures, while still preserving the federal plaintiff's opportunity to pursue compensation in the forum of his choice. In this way, neither the federal plaintiff's right to seek damages for constitutional violations nor the state's interest in its own system is frustrated

*Ibid.* (emphasis in original).

7.  *Younger* and its progeny, and the comity concerns underlying abstention jurisprudence, dictate that *at most* a stay of the claims for monetary relief pending the final disposition of the related proceedings may be appropriate. Thus, because the Court is "required to retain jurisdiction over this [damages] portion of the claim," *Nernberg v. City of Pittsburgh*, 50 F. Supp. 2d 437, 442 (W.D. Pa. 1999) (citing *Deakins*, *supra*, 484

U.S. at 203-04), the Court "must stay rather than dismiss accompanying claims for damages when such relief is not available in the ongoing state proceeding." *Nelson v. Howard*, 810 F. Supp. 161, 164 (E.D. Pa. 1992). There is no question that Plaintiff cannot pursue monetary relief for constitutional violations in the related disciplinary and criminal proceedings against him. Accordingly, the Court clearly erred in dismissing certain of Plaintiff's damages claims on *Younger* grounds.

8.  The instant motion for reconsideration under Local Rule 7.1.5 is the functional equivalent of a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990). The court may alter or amend a judgment to correct a "clear error of law or fact or to prevent a manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

9.  As argued above, dismissal of damages claims based on *Younger* abstention is plainly inconsistent with nearly uniform precedent, including Supreme Court and Third Circuit precedent, and thus constitutes a clear error of law as well as a manifest injustice, since monetary relief is unavailable in the state proceedings. Accordingly, reconsideration is appropriate.[1]

---

[1] While not necessarily relevant to the instant motion, Plaintiff notes for the sake of accuracy that the factual recitation in the memorandum order appears to misapprehend several allegations in the amended complaint. For instance, the order twice states that the alleged transactions at issue were conducted "ostensibly on eBay.com" when, in fact, they were not. (D.I. 38 at 1.) Also, the order states that "Gielata sold one or more of the goods he had purchased back to Chen," (*id.*) when, in fact, that is not the case, nor could it be—ownership and possession of any good resold to PayPal, Inc. ("PayPal") pursuant to its user agreement must be transferred to PayPal. Finally, the order states that "Gielata believes that Rocanelli was using her position at the ODC at the behest of her former firm in order to derail his class action suit against PayPal." (*Id.* at 2.) In fact, no such suit existed—rather, the amended complaint alleges that Ms. Rocanelli used her position at the ODC at the behest of her former firm to derail Plaintiff's campaign to ***object*** to the inadequate settlement of a federal class action in California. (D.I. 25 at ¶¶ 6, 59-70.)

10. Furthermore, dismissal of Plaintiff's state law claims, apparently following from the dismissal of all federal claims, should be vacated if the Court modifies or vacates its *Younger* ruling. None of the limited exceptions to the Court's mandatory supplemental jurisdiction under 28 U.S.C. §1367 apply here if the dismissal of any or all of Plaintiff's federal claims is vacated or modified. *See Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277, 1285 n.14 (3d Cir. 1993) ("The language in § 1367 expressly ... states ... that federal courts *shall* exercise supplemental jurisdiction over pendent claims arising out of the same case or controversy and *may* decline to exercise jurisdiction [as provided by § 1367(c)]." (emphasis in original)).

WHEREFORE, Plaintiff respectfully requests the Court to grant the within Motion. A proposed form of Order is attached hereto.

Dated:   June 5, 2006                                      Respectfully submitted,

                                              By:   /s/ *Joseph N. Gielata*
                                                    Joseph N. Gielata (#4338), *Pro Se*
                                                    501 Silverside Road, No. 90
                                                    Wilmington, Delaware 19809
                                                    (302) 798-1096

**CERTIFICATE OF SERVICE**

      I hereby certify that, on June 5, 2006, I electronically filed PLAINTIFF'S MOTION FOR RECONSIDERATION with the Clerk of Court using CM/ECF which will send notification of such filing to:

>Richard Hubbard, Esq.
>Delaware Dept. of Justice
>820 N. French St., 6th Floor
>Carvel State Building
>Wilmington, DE 19801
>
>*Attorney for Defendants*

                                                /s/ *Joseph N. Gielata*
                                                Joseph N. Gielata