IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH N. GIELATA, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|   v. | )   Civil Action No. 05-567-GMS |
| | ) |
| ANDREA L. ROCANELLI, AND | ) |
| OFFICE OF DISCIPLINARY COUNSEL | ) |
| FOR THE SUPREME COURT OF | ) |
| DELAWARE, | ) |
| | ) |
|       Defendants. | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION OF MAY 19, 2006 ORDER**

COME NOW the defendants, through undersigned counsel, and hereby oppose plaintiff's Motion for Reconsideration of the May 19, 2006 Order dismissing all claims, on the following grounds:

1. A motion for reconsideration may not advance arguments that could have been made earlier but were inexcusably omitted. *See Ryan v. Asbestos Workers Union Local 42 Pension Fund,* 2000 WL 1239958 at *1 (D.Del.). In the earlier briefing of the Defendants' Second Motion To Dismiss, Plaintiff failed to argue for a stay of the action should the Court find *Younger* abstention appropriate. He should not be permitted to do so now, after the Court has ruled.

2. Second, a motion for reconsideration should be denied where there are alternative grounds for the decision, so that even if the Court committed an error there is no reason to alter the decision. *See Becton Dickinson & Co. v. Tyco Healthcare Group, LP,* 2006 WL 890995 at *2 (D. Del.). For the reasons and authorities cited in the defendants' briefs, it is clear that money damages claims against the Delaware

Office of Disciplinary Counsel and Andrea Rocanelli must be dismissed due to Eleventh Amendment immunity, lack of status as a "person" within the meaning of section 1983, and quasi-judicial immunity. (As to ODC, *see* the Defendants' Opening Brief at pages 10-12 and the Defendants' Reply Brief at pages 17-18; as to Rocanelli, *see* the Defendants' Opening Brief at pages 12-14 and the Defendants' Reply Brief at pages 4-6.).

3.    Third, while the Defendants' Second Motion to Dismiss was pending, the plaintiff pled guilty to theft in the Delaware Superior Court. He received as a sentence "Probation Before Judgment," which was part of the plea bargain. (*See* Exhibit A, an affidavit authenticating the accompanying two documents: the plea agreement, and the Delaware justice system computer record showing the conviction.) Under Delaware law, a guilty plea in connection with "Probation Before Judgment" cannot be deemed a favorable termination of the proceeding for a criminal defendant. *See Ferguson v. Town of Dewey Beach,* 2006 WL 1174017 at *9 (Del. Super.) ("Plaintiff entered a plea of guilty, obtained a sentence of probation before judgment, completed the probation satisfactorily, and therefore the adjudication of guilt was withheld. While it may have been ultimately dismissed under these facts, it was not terminated in Plaintiff's favor. Defendant [*sic*] escapes responsibility in pleading guilty and asking for probation before judgment. Had he not completed the probation successfully, then the only thing left was sentencing. Therefore, Defendants are entitled to summary judgment on the malicious prosecution claim because Plaintiff did not satisfy the elements to sustain such a claim."); *Villabona v. Board of Medical Practice of the State of Delaware,* 2004 WL 2827918 at **4-5

(Del. Super.) ("[T]he Panel found that the fact that Dr. Villabona stood in open court and stated that he had actually committed the acts with which he was charged was sufficient to establish dishonorable or unethical conduct. The Court finds that the Board did not commit legal error in reaching this conclusion.").

4.      Under Federal law, where a civil rights claim is premised on a malicious prosecution theory, the plaintiff must first establish that the legal proceeding he attacks was terminated in his favor. *See Heck v. Humphrey*, 512 U.S. 477, 485 (1994) ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution."). Where plaintiff is unable to do so, dismissal of the action is appropriate. *Id.* at 487 ("the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"). In the instant action, despite plaintiff's imaginative proliferation of claims in the Amended Complaint, all claims are premised on a malicious prosecution theory. This fact is demonstrated by plaintiff's prayer for relief (at pages 51-52) in the Amended Complaint. *See, e.g.,* paragraph (A) of the prayer: ["Wherefore, Plaintiff respectfully requests a judgment as follows:"] "(A) Permanently enjoining the defendants from continuing the Prosecution and the related suspension proceeding, and declaring that the Prosecution violates Plaintiff's constitutional rights;" and paragraph (E) of the prayer: "(E) Awarding compensatory damages in favor of Plaintiff and against the defendants, jointly and severally, in such amount as the Court deems just and proper

to compensate Plaintiff for the deprivation of his constitutional rights, deprivation of any legal fees that Plaintiff would have earned but for the malicious Prosecution . . . ." As the allegedly malicious prosecution has not been terminated in plaintiff's favor, the Amended Complaint should be dismissed.

FOR THE FOREGOING REASONS, the defendants respectfully request that this Court deny plaintiff's Motion for Reconsideration of the May 19, 2006 Order.

          STATE OF DELAWARE
          DEPARTMENT OF JUSTICE

          /s/ Richard W. Hubbard
          _____
          Richard W. Hubbard, I.D. #2442
          Deputy Attorney General
          Carvel State Office Building
          820 N. French Street, 6th floor
          Wilmington, DE 19801
          (302) 577-8308
          richard.hubbard@state.de.us

Dated: June 15, 2006

          Attorney for Defendants

## **CERTIFICATE OF MAILING AND/OR DELIVERY**

The undersigned certifies that on June 15, 2006, he caused the foregoing document to be delivered to the following persons in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Joseph N. Gielata, Esquire
501 Silverside Road, Ste. 90
Wilmington, DE 19809

**MANNER OF DELIVERY:**

x   One true copy by electronic delivery.

___ One true copy by facsimile transmission to each recipient

___ Two true copies by first class mail, postage prepaid, to each recipient

___ Two true copies by Federal Express

___ Two true copies by hand delivery to each recipient

/s/ Richard W. Hubbard
_____
Richard W. Hubbard, I.D. # 2442
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th floor
Wilmington, DE 19801
(302) 577-8308
richard.hubbard@state.de.us