IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH N. GIELATA,<br><br>   Plaintiff,<br><br>  v.<br><br>ANDREA L. ROCANELLI, individually and in her official capacity as Chief Counsel of the Office of Disciplinary Counsel for the Supreme Court of Delaware, and THE OFFICE OF DISCIPLINARY COUNSEL FOR THE SUPREME COURT OF DELAWARE,<br><br>   Defendants. | Civil Action No. 05-567-GMS |

**PLAINTIFF'S MOTION TO STRIKE PORTIONS OF
DEFENDANTS' OPPOSITION AND RELATED MATERIAL**

  Plaintiff Joseph N. Gielata ("Plaintiff") respectfully submits this motion to strike portions of defendants' opposition (D.I. 40) ("Opp. Mem.") to Plaintiff's motion for reconsideration as well as the affidavit and exhibits attached thereto.

  The grounds for this motion are as follows:

  1. Rather than respond to the points and authorities in Plaintiff's motion for reconsideration, defendants have once again improperly sought to introduce material outside of the pleadings. Defendants also grossly misrepresent facts and law while chanting the same meritless refrain: that they are "above the law" and absolutely entitled to ignore or violate the Constitution and federal laws.

  2. Defendants refer to a provisional resolution of the state charges against Plaintiff. Opp. Mem. ¶ 3. However, they fail to accurately describe this resolution and self-servingly omit several critical aspects. For instance, nowhere do defendants note that final disposition of the state case is now set for May 9, 2007, on which date the case will

be dismissed, subject to fulfillment of certain conditions.  The statute governing this provisional resolution expressly states that "[d]ischarge of a person under this section shall be without judgment of conviction and is not a conviction for purposes of any disqualification or disability imposed by law because of conviction of a crime."  11 *Del. C.* § 4218(f).  The Supreme Court of Delaware has clarified the legal significance of this statute: "The successful completion of probation before judgment…does 'blot out the existence of guilt.'  While [the defendant in a criminal case] may not be 'innocent in fact,' his discharge from probation [under § 4218] renders him innocent as a matter of law and results in a dismissal[.]"  *Ryan v. State*, 791 A.2d 742, 744 (Del. 2002).

       3.       The operative pleading in this case (*i.e.*, the amended complaint) does not include any allegation concerning the recent resolution described above.  Defendants' introduction of material outside of the pleadings to support their defense is procedurally improper at this stage, especially as no discovery has yet been taken.  *See Southmark Prime Plus, L.P. v. Falzone*, 776 F. Supp. 888, 892 (D. Del. 1991) ("When the Court goes beyond the pleadings and judicially noticed facts ... the Court must convert the [Rule 12(b)(6)] motion and give both sides ... an opportunity to supplement the factual record").  Defendants offer no precedent or other compelling basis for taking judicial notice of a contract such as a plea agreement.  Moreover, the affidavit and the proffered documents are irrelevant to most, if not all, of Plaintiff's claims, since § 1983 claims do not turn on the favorable termination of a state proceeding.  Indeed, just days ago, the Supreme Court affirmed a conviction while holding open the availability of relief under § 1983 to remedy any constitutional violation.  *See Hudson v. Michigan*, slip op. at 10-12 (June 15,

2006) (attached hereto as Exh. A).  Accordingly, ¶¶ 3-4 of defendants' opposition should be stricken pursuant to Fed. R. Civ. P. 12(f) and the Court's inherent authority.

      4.      In addition to the foregoing, allowing defendants to introduce new information in opposing a motion for reconsideration, by affidavit or otherwise, contravenes the interests of fairness because it denies Plaintiff a fair opportunity to respond to the information, since Local Rule 7.1.5 does not contemplate a reply in connection with such motions.  *Cf. nCUBE Corporation v. SeaChange International, Inc.*, 313 F. Supp. 2d 361, 393 (D. Del. 2004) (granting in part motion to strike and disregarding post-trial declarations "in the interests of fairness").  Defendants should not be permitted to sneak in a motion for summary judgment (based on incomplete and inaccurate information) under the guise of opposing a motion for reconsideration of an order on the pleadings.

      5.      As set forth more fully below, portions of defendants' opposition should also be stricken under the Court's inherent authority and Fed. R. Civ. P. 12(f) because they contain false, misleading and/or unfounded contentions of fact and law.

      6.      *First*, defendants represent that "Plaintiff *received as a sentence* 'Probation Before Judgment'" in connection with a criminal matter.  Opp. Mem. ¶ 3 (emphasis added).  This representation is shockingly false and misleading.  Plaintiff has *not* been sentenced in connection with the deferred criminal matter—after all, Plaintiff has not been convicted of any crime.  As the Supreme Court of Delaware held in *Ryan*, *supra*, once a person is successfully discharged from probation before judgment, he or she is "innocent as a matter of law."  Section 4218, by its very nature and statutory design, expressly aims to avert conviction and sentencing.  Defendants mislead the Court

by willfully ignoring the clear distinction between being placed on probation before judgment under § 4218 and being convicted of a crime and thereafter sentenced. Accordingly, this egregious attempt to manipulate the facts and law, including the proffered affidavit and other material, should be stricken and/or disregarded.

  7. *Second*, defendants represent that Plaintiff's motion for reconsideration is untimely.  Opp. Mem. ¶ 1.  In fact, the aforesaid motion was timely filed within ten days of the filing and electronic service of the Court's May 19th order, consistent with Local Rule 7.1.5 and Fed. R. Civ. P. 6(a).  Accordingly, this unfounded representation to the Court should be stricken because it lacks a legal or factual basis.[1]

  WHEREFORE, Plaintiff respectfully requests an order striking the above-described portions of defendants' opposition as well as the affidavit and exhibits attached thereto.  In the alternative, the Court should disregard such portions and material.

Dated: June 19, 2006         Respectfully submitted,

                /s/ *Joseph N. Gielata*
                Joseph N. Gielata (#4338), *Pro Se*
                501 Silverside Road, No. 90
                Wilmington, Delaware 19809
                (302) 798-1096

---

[1] Defendant has conceded this morning that this representation was made in error.  If and when defendants' counsel files a corrected brief, Plaintiff admits that this particular request to strike will be mooted.

**CERTIFICATE OF SERVICE**

     I hereby certify that, on June 19, 2006, I electronically filed PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANTS' OPPOSITION AND RELATED MATERIAL with the Clerk of Court using CM/ECF which will send notification of such filing to:

     Richard Hubbard, Esq.
     Delaware Dept. of Justice
     820 N. French St., 6th Floor
     Carvel State Building
     Wilmington, DE 19801

     *Attorney for Defendants*

     /s/ *Joseph N. Gielata*
     Joseph N. Gielata