IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH N. GIELATA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-567-GMS |
| | ) |
| ANDREA L. ROCANELLI, AND | ) |
| OFFICE OF DISCIPLINARY COUNSEL | ) |
| FOR THE SUPREME COURT OF | ) |
| DELAWARE, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
PORTIONS OF DEFENDANTS' OPPOSITION AND RELATED MATERIAL**

COME NOW the Defendants, through undersigned counsel, and hereby oppose Plaintiff's Motion to Strike Portions of Defendants' Opposition and Related Material, on the following grounds:

1. On May 19, 2006 this Court issued an Order dismissing the Amended Complaint in this action on the grounds of *Younger* abstention. On June 5, 2006, the Plaintiff filed his motion to reconsider the order of May 19, 2006, on the grounds that *Younger* abstention supports only a stay of claims for money damages, not an outright dismissal. On June 15, 2006, the Defendants filed their opposition ("Defendants' Opposition") to Plaintiff's Motion for Reconsideration, relying on earlier immunity arguments and on the recent guilty plea of the plaintiff in the criminal action that is the subject of the Amended Complaint.

2. Plaintiff now moves to strike the argument from the Defendants' Opposition concerning his guilty plea, as well as Exhibit A to the Defendants' Opposition, which contains the guilty plea agreement signed by Plaintiff and the

computer record showing its entry into the Delaware justice system. Plaintiff argues that the inclusion of any material outside the pleadings is inherently improper and procedurally unfair.

    3.    Plaintiff relies on *Hudson v. Michigan*, --U.S.--, slip op. at 10-12 (June 15, 2006), to argue that in a § 1983 action, a plaintiff is never required to show a favorable termination of the state proceeding before filing the Federal tort action. The cited portion of *Hudson* pertains to an alleged Fourth Amendment violation where police failed to announce their forced entry into a residence. Hudson does not stand for the proposition Plaintiff asserts, and it does not in any way concern a claim based on a theory of malicious prosecution. Plaintiff has no response to *Heck v. Humphrey,* 512 U.S. 477, 485 (1994), which was relied upon in the Defendants' Opposition for the proposition that, even in a Federal action, where the tort claim is based on a malicious prosecution theory the Plaintiff must show a favorable termination of the state proceeding before his claim can survive a motion to dismiss. Here, the state proceeding terminated with Plaintiff's admission of guilt. (*See* Exhibit B at 9).

    4.    In his Motion to Strike, Plaintiff alleges that the Defendants in their Opposition falsely misrepresented Delaware law on Probation Before Judgment, which he finds "shockingly false and misleading." The language Plaintiff alleges is false and misleading states: "Plaintiff received as a sentence 'Probation Before Judgment'. . . ." (Motion to Strike at ¶ 6). Plaintiff ignores the language from the Delaware Superior Court in *Ferguson v. Town of Dewey Beach*, 2006 WL 1174017 at *9 (Del. Super.) (copy attached at Exhibit A herein), where the Probation Before

Judgment process was thus described: "Plaintiff entered a plea of guilty, *obtained a sentence of probation before judgment,* completed the probation satisfactorily, and therefore the adjudication of guilt was withheld." (Italics added.) Plaintiff cites to *Ryan v. State*, 791 A.2d 742, 744 (Del. 2002), for the proposition that if he completes his probation and has the guilty adjudication dismissed, he will no longer be guilty of theft under Delaware law. That is true, but as *Ferguson* was decided after *Ryan*, the two decisions do not conflict. An offender's guilty admission still constitutes an evidentiary admission of guilt; the proceeding is not a "favorable termination" for purposes of pursuing a claim for malicious prosecution; and the *Ferguson* court granted summary judgment for the defendants on this basis. *Ferguson, supra*, at *9.

5.   Plaintiff argues that there is no connection between his guilty plea and the Amended Complaint. (*See* Motion to Strike at ¶ 3).

6.   In ¶ 2 of the Amended Complaint, Plaintiff sums up his entire action: "By abusing her position at the behest of her former colleagues and to benefit her family and former employer's client, Rocanelli's malicious actions caused the State of Delaware ("the State") to institute a baseless and futile prosecution of Plaintiff, depriving Plaintiff of his federal constitutional rights and harming him, his clients, and his reputation."

7.   Paragraphs 93-99 of the Amended Complaint detail the "baseless and futile" prosecution of the Plaintiff. Paragraph 94 alleges that "[t]he State, through the DDJ [Delaware Department of Justice] and at Rocanelli's urging, essentially sold the grand jury a bill of goods." Paragraph 96 alleges the indictment violated Plaintiff's

3

Fifth Amendment rights, and § 98 alleges there is "malice at the heart of the Prosecution."

8.  In his Motion to Strike, Plaintiff fails to deny the authenticity of the plea agreement attached to the Defendants Opposition, or any particular of the document's contents. The plea agreement itself contains his signature, and shows that he acted as his own attorney in the matter. Under the Sentence portion of the agreement, it states: "1 year at L V suspended for L II, sentence is deferred for defendant participation in 'probation before judgment' pursuant to 11 Del. C. § 4218. Conditions are set forth below." The conditions state that Gielata may not seek expungement for 5 years and shall complete 300 hours of community service in a non-legal, non-financial capacity. He is also prohibited from having any contact with PayPal.

9.  The date of the plea agreement is May 9, 2006, which was after the briefing on the Defendants' Second Motion to Dismiss was completed. Thus, Plaintiff's Motion for Reconsideration was the first procedural opportunity the Defendants had to show that the prosecution of Plaintiff was due to his criminal conduct--which he has now admitted.

10. By filing his Motion to Strike, Plaintiff has in fact had an opportunity to respond to the Defendants' Opposition. Because he does not dispute the authenticity of the two documents (in Exhibit A of the Defendants' Opposition), or their contents, Plaintiff failed to challenge them or supplement them in his Motion to Strike. Moreover, there is nothing improper in bringing to the Court's attention that Mr. Gielata admits to theft in the Delaware Superior Court while at the same time in this Court he alleges the criminal prosecution is "baseless and futile."

11.     As Mr. Gielata seems to argue that he somehow really did not plead guilty to theft, the Defendants have attached (at Exhibit B herein) the transcript of the plea ceremony on May 9, 2006. Superior Court Judge T. Henley Graves states:

> What this is, is a guilty plea, whereby, you acknowledged that you have committed the crime of Theft. That guilty plea is accepted, and then formal adjudication of the guilt is then deferred; okay? I accept it, and then I defer it; okay?
> What that means is that if you don't complete the terms, you come back here for purposes of sentencing, and you can face a year in jail; do you understand that?
>
> The Defendant:   I understand that, Your Honor.
>
>       \*   \*   \*
>
> The Court:   Sir, are you guilty of this offense?
>
> The Defendant:   I am, Your Honor.
>
> The Court:   Do you have any questions?
>
> The Defendant:   No, Your Honor.

(*State of Delaware v. Joseph N. Gielata*, Del. Super., I.D. No. 0506021946, Transcript of Plea and Sentencing Hearing, May 9, 2006, at 7-9).

12.     Mr. Gielata himself should have advised this Court that he entered into a plea agreement on the criminal charges, and that the terms of this agreement contradict the allegations in the Amended Complaint. Rule 3.3(a)(1) of the Delaware Lawyers' Rules of Professional Conduct states that "[a] lawyer shall not knowingly make a false statement of fact or law to a tribunal or *fail to correct a false statement of material fact* or law previously made to the tribunal by the lawyer." (Italics added). Mr. Gielata failed to correct the false statements in his Amended Complaint, and he seeks to pursue this action even after pleading guilty to theft.

FOR THE FOREGOING REASONS, the Defendants respectfully request that this Court deny Plaintiff's Motion to Strike, as well as his Motion for Reconsideration of the May 19, 2006 Order.

                STATE OF DELAWARE
                DEPARTMENT OF JUSTICE

                /s/ Richard W. Hubbard
                _____
                Richard W. Hubbard, I.D. #2442
                Deputy Attorney General
                Carvel State Office Building
                820 N. French Street, 6th floor
                Wilmington, DE 19801
                (302) 577-8308
                richard.hubbard@state.de.us

Dated: June 23, 2006

                Attorney for Defendants

## **CERTIFICATE OF MAILING AND/OR DELIVERY**

The undersigned certifies that on June 23, 2006, he caused the foregoing document to be delivered to the following persons in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Joseph N.Gielata, Esquire
501 Silverside Road, Ste. 90
Wilmington, DE  19809

**MANNER OF DELIVERY:**

x   One true copy by electronic delivery.

___One true copy by facsimile transmission to each recipient

___Two true copies by first class mail, postage prepaid, to each recipient

___Two true copies by Federal Express

___Two true copies by hand delivery to each recipient

/s/  Richard W. Hubbard
_____
Richard W. Hubbard, I.D. # 2442
Deputy Attorney General
Carvel State Office Building
820 N.  French Street, 6th floor
Wilmington, DE 19801
(302) 577-8308
richard.hubbard@state.de.us