IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH N. GIELATA,<br><br>    Plaintiff,<br><br>  v.<br><br>ANDREA L. ROCANELLI, individually and in her official capacity as Chief Counsel of the Office of Disciplinary Counsel for the Supreme Court of Delaware, and THE OFFICE OF DISCIPLINARY COUNSEL FOR THE SUPREME COURT OF DELAWARE,<br><br>    Defendants. | Civil Action No. 05-567-GMS |

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO STRIKE PORTIONS OF
DEFENDANTS' OPPOSITION AND RELATED MATERIAL**

  Plaintiff Joseph N. Gielata ("Plaintiff") respectfully submits this reply in further support of his motion to strike portions of defendants' opposition (D.I. 40) to Plaintiff's motion for reconsideration as well as the affidavit and exhibits attached thereto.

  1. Plaintiff's motion squarely objects to defendants' submission of an affidavit and other materials in opposing his motion for reconsideration.

  2. In opposing Plaintiff's motion to strike, rather than attempt to justify their disguised request for summary judgment, defendants have compounded their disregard for procedure by submitting even more material not referenced in the pleading. Thus, defendants again improperly seek to expand the evidentiary record despite the fact that they have yet to answer the complaint and no discovery has yet been taken.

  3. At trial, or by moving for summary judgment, defendants will have the opportunity—after the close of discovery—to submit evidence that they believe refutes

Plaintiff's allegations or supports any affirmative defense they may assert. However, at this premature juncture, the various materials submitted by defendants should be stricken and disregarded.

4. Defendants rehash various points of law of no relevance to Plaintiff's motion to strike. For instance, defendants contend that "Plaintiff has no response to *Heck v. Humphrey*, 512 U.S. 477 (1994)," (D.I. 42 at ¶ 3) even though the answering brief in opposition to defendants' motion to dismiss already explains why that case is inapposite. (D.I. 34 at 27-28 (noting that *Heck* only precludes collateral attacks on conviction and confinement, neither of which is present in this case).)[1] Also, defendants maintain that "the state matter [has] terminated" (D.I. 42 at ¶ 3) when, in fact, it is clear from the their own materials that the state matter has been deferred and is not due to terminate until next year. In any event, Plaintiff will not "take the bait" and re-argue the motion to dismiss by means of this narrow motion to strike.

5. Defendants suggest that Plaintiff's plea agreement contradicts the allegations in the amended complaint. (D.I. 42 at ¶ 12.) However, a careful reading of the pleading reveals the error of this contention. For instance, Plaintiff alleges: "The charges in the Indictment are futile and must be dismissed with prejudice[.]" (D.I. 25 at ¶ 156.) In fact, the charges *will* be dismissed with prejudice, pursuant to 11 *Del. C.* § 4218 and Plaintiff's agreement with the State, subject to the fulfillment of agreed-upon conditions. Thus, there is no contradiction. Moreover, the resolution of the state matter

---

[1] Although *Heck* does not address 11 *Del. C.* § 4218, it bears noting that a person whose case is dismissed under § 4218 is eligible for expunction, *see Ryan v. State*, 791 A.2d 742 (Del. 2002), and the United States Supreme Court expressly held in *Heck* that expunged convictions are sufficient to state a claim under § 1983 seeking damages for allegedly unconstitutional conviction or imprisonment. 512 U.S. at 486-87. It follows from this holding that probation before judgment under § 4218, which avoids conviction and sentencing, results in a dismissal once the agreed-upon conditions are fulfilled, and makes possible expunction, does not preclude a § 1983 claim as a matter of law.

is irrelevant to the vast majority of Plaintiff's claims, including all claims for damages resulting from defendants' violations of constitutional and other federal rights.

      6.    Although the briefing on the motion to dismiss adequately covers the essential legal issues with respect to the sufficiency of the pleading, Plaintiff stands ready to submit a brief on any additional issue(s) that the Court deems appropriate.

      WHEREFORE, Plaintiff respectfully requests that the Court grant his motion to strike.

Dated:   June 30, 2006                                    Respectfully submitted,

                                                      /s/ *Joseph N. Gielata*
                                                      Joseph N. Gielata (#4338), *Pro Se*
                                                      501 Silverside Road, No. 90
                                                      Wilmington, Delaware 19809
                                                      (302) 798-1096

## CERTIFICATE OF SERVICE

      I hereby certify that, on June 30, 2006, I electronically filed PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE PORTIONS OF DEFENDANTS' OPPOSITION AND RELATED MATERIAL with the Clerk of Court using CM/ECF which will send notification of such filing to:

      Richard Hubbard, Esq.
      Delaware Dept. of Justice
      820 N. French St., 6th Floor
      Carvel State Building
      Wilmington, DE 19801

      *Attorney for Defendants*

      /s/ *Joseph N. Gielata*
      Joseph N. Gielata